# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PAUL CABRERA and STEPHANIE CABRERA,

    Plaintiffs,

v.                                    CASE NO: 8:05-cv-2209-T-26TGW

BOTO COMPANY, LIMITED; BOTO SERVICING, INC.; BOTO LIMITED; and JOHN DOE #2,

    Defendants.
_____/

## O R D E R

Before the Court is Defendant Boto Company Limited's Renewed Motion to Dismiss, Memorandum of Law, and Supplemental Affidavit of LAM Pak Kin (Dkts. 29 & 30), and Plaintiffs' Memorandum of Law in Opposition. (Dkt. 36). Defendant Boto Company Limited (Boto Company) does business in Hong Kong and Shenzhen in the People's Republic of China, and claims through the self-serving affidavit of a director of Boto Company that it does not have a distribution system for sales to the United States of the artificial Christmas trees it manufactures.[1] The linchpin of the issue of whether this Court may exercise personal jurisdiction over the Hong Kong corporation of Boto Company lies in the contents of the contracts and relationships between Boto Company

---

[1] Contrary to paragraph 30 of the affidavit, the name Boto Limited is used on Boto Company's website in connection with the warranty against manufacturer's defects in material and workmanship. See www.boto.com.hk/services/service1.htm.

and the purchasers or distributors of the artificial Christmas trees.  Glaringly missing are any written contracts between Boto Company and the purchasers, distributors, or other entities such as Boto Limited, Boto Servicing, Inc., and K-Mart Far East Limited.  Having considered the lack of accuracy in the sole piece of evidence filed in support of the motion to dismiss, this Court is unwilling to rely on any other blanket statements made therein to wholly discount the viability of Boto Company being haled into the courts of this state.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiffs may engage in limited discovery relative to the issue of personal jurisdiction over Boto Company Limited up to and including sixty (60) days from the date of this order.

(2) Boto Company Limited's Renewed Motion to Dismiss (Dkt. 29) is denied without prejudice to refiling after Plaintiffs have had the opportunity to conduct the above-referenced limited discovery.

**DONE AND ORDERED** at Tampa, Florida, on April 12, 2006.

  s/*Richard A. Lazzara*
 **RICHARD A. LAZZARA**
 **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record